TALLEY et al. v. JAMES EVERARD'S BREWERIES.

(Supreme Court, Appellate Term. May 7, 1909.)

1. LANDLORD AND TENANT (§ 80½*)—ASSIGNMENT OF LEASE—EVIDENCE.
In an action for rent, evidence *held* to show that defendant took possession as an assignee of the lease, so as to render it liable for the rent.
[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 231; Dec. Dig. § 80½.*]

2. USE AND OCCUPATION (§ 1*)—OCCUPATION BY THIRD PERSON.
A chattel mortgagee could not take possession of leased premises, either absolutely or to protect its property therein, without liability to the lessor for the use thereof at their rental value.
[Ed. Note.—For other cases, see Use and Occupation, Cent. Dig. § 4; Dec. Dig. § 1.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by John J. Talley and others, executors of John J. Talley, deceased, against James Everard's Breweries. From a judgment for defendant, plaintiffs appeal. Reversed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Alfred J. Talley, for appellants.
David M. Neuberger, for respondent.

PER CURIAM. Action to recover rent for the month of August, 1908. James Cosgrove was lessee for a term of five years of John J. Talley. Cosgrove gave a mortgage to defendant upon saloon fixtures in the premises, and assigned the lease as collateral, and subsequently made another assignment of the lease as security for his promissory note to defendant. Failing to pay his rent for June, 1908, he, to the knowledge of Mr. Talley's representative, delivered the keys of the premises to defendant. The rent for June and July, 1908, was paid by the checks of defendant to the "order of John J. Talley a/c James Cosgrove." The check for July rent was inclosed in a letter from defendant to Mr. Talley, in evidence, which reads:

"Inclosed find check for $416.66, being July, '08, rent of premises No. 262 Seventh avenue, this city. Kindly receipt, and return bill herewith to James Everard's Breweries."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Cosgrove had a bootblack as subtenant, from whom the defendant collected rent after taking the keys. Up to the time of this trial defendant had retained the keys. Defendant employed a watchman in relation to the premises.

The checks to the order of Mr. Talley for account of Cosgrove do not affect plaintiffs' rights, for the reason that Cosgrove, with the consent of Mr. Talley, had given the keys to defendant, who, inferentially, at least, Mr. Talley might assume intended to enter into possession. Besides, there is no proof that Mr. Cosgrove requested defendant to pay this rent for his account, or that he requested any loan for that purpose. What defendant desired was the control of the premises, where were the fixtures upon which it held the chattel mortgage, and Cosgrove unable to pay the rent, with the consent of Mr. Talley and at defendant's request, gave the keys to defendant.

Defendant contends that its acts and payments were solely for the purpose of protecting property covered by its mortgage and the assignment of the lease. The trial court decided that defendant did not take possession as absolute assignee of the lease, and that the relation of landlord and tenant had not been shown, and therefore rendered judgment in favor of defendant, with costs. The record fails to show that defendant in terms canceled its assignments or removed its property from the premises. This case was tried in October or November, 1908, at which time defendant still retained the keys. In September, 1908, one of plaintiffs' representatives, by permission of defendant's watchman, who unlocked the door, entered the premises to show them to a Mr. Harburger, pursuant to a notice sent to defendant, who had refused to pay the August rent, that plaintiff would proceed to rent the said premises to the best advantage as agent for the defendant. It would be difficult to more conclusively prove absolute possession than has been done here. The defendant may not take and hold possession of plaintiffs' premises, either absolutely or to "protect" its property therein, without liability for the use thereof at a rental value which is undisputed. The pleadings here were oral, and on the record plaintiff should have recovered.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.