(70 Misc. Rep. 544.)

### STAUDT v. JAMES EVERARD'S BREWERIES.

(Supreme Court, Appellate Term. February 9, 1911.)

1. LANDLORD AND TENANT (§ 296*)—SUMMARY PROCEEDINGS—GROUNDS.
    Summary proceedings lie only where the conventional relation of landlord and tenant exists between the parties to the proceedings.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1272–1275; Dec. Dig. § 296.*]

2. LANDLORD AND TENANT (§ 296*)—EXISTENCE OF RELATION.
    Actual occupation of the premises by an assignee of the lease thereto is necessary to create the relation of landlord and tenant between the assignor's landlord and the assignee, and where a tenant executed a chattel mortgage on the fixtures and the lease to defendant, and vacated the premises, leaving the mortgaged fixtures there, and the mortgagee failed to remove them, but did not otherwise assume possession of the premises, it did not create the relation of landlord and tenant between the landlord and the mortgagee, so that summary proceedings would lie.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1272–1275; Dec. Dig. § 296.*]

Appeal from City Court of New York, Special Term.

Summary proceedings by John Staudt, executor of and trustee under the will of Joseph Huber, against James Everard's Breweries. Judgment of dismissal, and plaintiff appeals. Affirmed.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Gustav Lange, Jr., for appellant.
David M. Neuberger, for respondent.

LEHMAN, J. The owner of certain premises which had been leased to a saloon keeper named Juhase seeks a warrant of dispossess against the defendant corporation. Summary proceedings lie only

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

where the conventional relations of landlord and tenant exist between the parties to the proceeding. It is undisputed that no lease was ever given to the James Everard's Breweries, and the proceedings will lie only if the plaintiff proves that the lease to Juhase was assigned to the defendant and that defendant was in possession of the premises. The plaintiff shows that Juhase executed a chattel mortgage to the defendant, which covered both the fixtures and the lease. If the defendant entered into the actual occupation of the premises and assumed control of the fixtures under the terms of the chattel mortgage, as owner of the chattels therein assigned, then it must be considered the owner of the lease, and the relation of landlord to the assignee of the lease in actual occupation of the premises creates a privity of estate, and summary proceedings will lie. In other words, it is immaterial whether or not the assignment of a lease in a chattel mortgage vests title to the lease in the mortgagee before he takes possession under the chattel mortgage, because actual occupation by an assignee is in any event necessary to create the relation of landlord and tenant, and such occupation would, even without foreclosure, vest title in the mortgagee.

It appears in this case that Juhase left the premises on October 1st because he could not pay the rent, that he gave the keys to a plumber to disconnect the pipes, and that thereafter he had nothing further to do with the premises. The fixtures assigned under the mortgage to the defendant were never removed, and the landlord contends that under the circumstances of this case this constitutes an occupation of the premises sufficient to make the defendant his tenant. With this contention I cannot agree. A tenant, leaving his own property upon the premises after he personally leaves them, may continue to be liable for the rent, because his acts are cogent evidence of intention to hold over, and they deprive the owner of the free use of the premises; but he cannot make another person liable for rent or use and occupation merely by leaving that person's property in the premises. If the owner, after he learns of the fact that his property has been abandoned, fails to remove it, he subjects himself to the risk of loss through its removal by the landlord; but he does not subject himself to liability for the occupation of the premises, unless he assumes some control of the premises. "The defendant may not take and hold possession of plaintiff's premises, either absolutely or to 'protect' its property therein, without liability for the use thereof." Talley v. James Everard's Breweries Co., 116 N. Y. Supp. 657, 658. But the essential element of a claim for rent is always that the defendant did take and hold possession of the premises. In this case there is no evidence that shows the slightest possession by the defendant of the premises, except by failure to remove his property; and it is conceded that the landlord was actually benefited by this failure.

Judgment should therefore be affirmed, with costs. All concur.